# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                                         |   |                |
|---------------------------------------------------------|---|----------------|
| ANA LUZ SANCHEZ,                                        | : | CIVIL ACTION   |
|        Plaintiff,    | : |                |
| v.                                                      | : | NO. 18-5018    |
|                                                         | : |                |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,        | : |                |
|        Defendant.    | : |                |

Henry S. Perkin, M.J.                                                                                                  January 28, 2020

## **MEMORANDUM**

Ana Luz Sanchez ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. In her request for review, Plaintiff raises four claims, one which is premised on *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided her case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. Pl.'s Br. and Statement of Issues in Support of Request for Review, pp. 14-18; Pl.'s Reply Br. at 3-5 (ECF Nos. 13, 17). The Defendant argues that Plaintiff forfeited this claim by not challenging the ALJ's appointment in the agency proceeding. Def. Br. at 11-17 (ECF No. 14). After careful review and following the Third Circuit decision on January 23, 2020 in *Cirko v. Comm'r of Soc. Sec. and Bizarre v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2020 WL 370832 (3d Cir. Jan. 23, 2020), and for the reasons set forth below, the Court finds that the ALJ was improperly appointed under the Constitution and Plaintiff did not forfeit her Appointments Clause claim. Therefore, Plaintiff's request for review is granted, and this matter will be

remanded to the Commissioner for further proceedings in accordance with the following memorandum.

I. **BACKGROUND**

Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on November 30, 2011, asserting that she became disabled on that date due to Fibromyalgia, Affective/Mood Disorder, Major Depressive Disorder, Post-Traumatic Stress Disorder, and Generalized Anxiety Disorder. (Tr. 78, 81, 173-83, 198-200, 204-215, 353, 364, 387, 516, 527.) Plaintiff's applications were denied at the initial levels and she timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 50-71, 78.) A hearing was held before ALJ Christine McCafferty on March 25, 2013, and Plaintiff, represented by counsel, appeared and testified with some assistance from a Spanish language interpreter. (*Id.* at 28-49, 78.) On April 19, 2013, ALJ McCafferty issued an unfavorable decision, finding that Plaintiff was not disabled. (*Id.* at 78-87.) The Appeals Council denied Plaintiff's request for review and she appealed the ALJ's final decision in this Court represented by her current counsel. *See* Civ. A. No. 14-7239. The Defendant filed an unopposed motion to remand which was granted by the Honorable Thomas N. O'Neill on May 12, 2015. *Id.*, ECF No. 9.

ALJ Frederick Timm held hearings on December 16, 2015 and May 11, 2016, and at each hearing, a different vocational expert ("VE") testified. (Tr. 585-607, 572-584.) *See also* Civ. A. No. 16-5894. On August 10, 2016, ALJ Timm issued an unfavorable decision, which Plaintiff appealed again to this Court. (Tr. 556-565.) The Defendant again filed an unopposed motion to remand for the ALJ to give further consideration of the severity of Plaintiff's mental impairments including the Paragraph "B" criteria, to evaluate the opinion evidence from State agency psychological consultant Frank Mrykalo, Ed.D., and to explain the weight given to this opinion

2

evidence.  Civ. A. No. 16-5894, ECF No. 12.  Judge O'Neill granted the unopposed motion to remand on May 3, 2017, consistent with the Defendant's motion.  *Id.*, ECF No. 13.

On remand, the Appeals Council vacated ALJ Timm's denial of benefits and remanded to the ALJ with orders to offer Plaintiff a new hearing, consider new and material evidence, obtain the testimony of a vocational expert and further consider the Plaintiff's maximum residual functional capacity during the entire period at issue, and provide a rationale in support of assessed limitations with specific references to evidence of record.  Civ. A. No. 18-5018, ECF No. 11, p. 1.

ALJ Frederick Timm held two hearings on January 26, 2018 and on April 4, 2018, at which Plaintiff was represented by counsel and testified along with a VE who also testified.  (Tr. 876-920.)  ALJ Timm issued an unfavorable decision on August 30, 2018, denying benefits at Step Five of the sequential evaluation process because he opined that Plaintiff could perform other work at the sedentary level.  (Tr. 848-65.)  The Appeals Council denied Plaintiff's request for review and Plaintiff again appealed to this Court.  The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment.  *See* ECF No. 3, ¶ 2 (Notice of Commissioner's General Consent); ECF No. 8 (Plaintiff's Consent Form).  Plaintiff's Brief in Support of her Request for Review raises four issues, the fourth issue is that the ALJ was not properly appointed under the Constitution and lacked the legal authority to hear this case. *See* ECF Nos. 13, 17.

## II. DISCUSSION

Plaintiff's Appointments Clause challenge is that the ALJ did not have the authority to issue a disability determination because he was an inferior officer not appointed pursuant to the Constitution.  Plaintiff's argument is based upon the Supreme Court's decision in *Lucia v. SEC*,

138 S.Ct. 2044 (2018), that ALJs in the Securities and Exchange Commission ("SEC") exercised "significant discretion" in carrying out "important functions" and were therefore required under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, to be appointed by the President, a court of law, or a head of department. *Id.* at 2053 (citation omitted). Because the SEC ALJs were not so appointed, the petitioner there was entitled to a new hearing before a different constitutionally appointed ALJ. *Id.* at 2055. The Court held that Lucia's argument was timely because it was raised on appeal before the Commission, in the Court of Appeals and before the Supreme Court. *Id.* at 2049, 2055.

When *Lucia* was decided on April 23, 2018, SSA ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. *Menoken v. McGettigan*, 273 F.Supp.3d 188, 192 (2017). Following the *Lucia* decision, the President signed an Executive Order on July 10, 2018 directing the hiring of ALJs by individual agencies and not the OPM central pool. Exec. Order No. 13, 843, 83 Fed, Reg. 32755 (July 10, 2018). That Order prospectively changed the appointment process of ALJs, but did not affect the status of previously appointed ALJs. *Id.* In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018.

Certain disability claimants were challenging the Social Security Agency's denial of their claims in District Court when *Lucia* was decided, and although they had not previously raised an Appointments Clause claim, they immediately demanded new hearings on the ground that the Agency's ALJs were unconstitutionally appointed. Because neither the Supreme Court nor the Third Circuit had addressed whether the *Lucia* decision was applicable to Social Security ALJs, courts within this Circuit were divided on this issue. The Third Circuit recently held, however,

that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency.[1] The Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832 (3d Cir. Jan. 23, 2020).

Like the claimants in *Cirko* and *Bizarre*, Plaintiff presented her Appointments Clause claim to this Court at the first briefing opportunity after *Lucia* was decided. The remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case. *Id.* Plaintiff's remaining three claims in this appeal will not be addressed because the improperly-appointed ALJ was powerless to resolve those claims. *Lucia*, 138 S.Ct. at 2055. Accordingly, by an implementing Order that follows, Plaintiff's case will be remanded for assignment to a different, constitutionally appointed ALJ to hold a new hearing and issue a Decision.

---

[1] The Court limited its decision to issue exhaustion of Appointments Clause challenges. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832, at *1 n.3 (3d Cir. Jan. 23, 2020).