## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ANA LUZ SANCHEZ, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 18-5018 |
| | : | |
| KILOLO KIJAKAZI, ACTING | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY,[1] | : | |
| Defendant. | : | |
| | : | |

Henry S. Perkin, M.J.                                    November 10, 2021

### MEMORANDUM

Presently before the Court are Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (ECF No. 22); Defendant's Response; Plaintiff's Reply Brief; Defendant's Sur-Reply Brief; the parties' Notices of Supplemental Authority, and Plaintiff's Motion Seeking Oral Argument.  For the reasons set forth below, Plaintiff's motions will be denied.

## I.    BACKGROUND

Plaintiff filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on November 30, 2011, asserting that she became disabled on that date due to Fibromyalgia, Affective/Mood Disorder, Major Depressive Disorder, Post-Traumatic Stress Disorder, and Generalized Anxiety Disorder. (Tr. 78, 81, 173-83, 198-200, 204-215, 353, 364, 387, 516, 527.) Plaintiff's applications were denied at the initial levels and she timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 50-71, 78.) A hearing was held before ALJ Christine McCafferty on March 25, 2013, and Plaintiff, represented by counsel, appeared and testified with some assistance from a Spanish language interpreter. (*Id.* at 28-49, 78.) On April 19, 2013, ALJ McCafferty issued an unfavorable decision, finding that Plaintiff was not disabled. (*Id.* at

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.
.

78-87.) The Appeals Council denied Plaintiff's request for review and she appealed the ALJ's final decision in this Court represented by her current counsel. *See* Civ. A. No. 14-7239. The Defendant filed an unopposed motion to remand which was granted by the Honorable Thomas N. O'Neill (Ret.) on May 12, 2015. *Id.*, ECF No. 9.

ALJ Frederick Timm held hearings on December 16, 2015 and May 11, 2016, and at each hearing, a different vocational expert ("VE") testified. (Tr. 585-607, 572-584.) *See also* Civ. A. No. 16-5894. On August 10, 2016, ALJ Timm issued an unfavorable decision, which Plaintiff appealed to this Court. (Tr. 556-565.) The Defendant again filed an unopposed motion to remand for the ALJ to give further consideration of the severity of Plaintiff's mental impairments including the Paragraph "B" criteria, to evaluate the opinion evidence from State agency psychological consultant Frank Mrykalo, Ed.D., and to explain the weight given to this opinion evidence. Civ. A. No. 16-5894, ECF No. 12. Judge O'Neill granted the unopposed motion to remand on May 3, 2017, consistent with the Defendant's motion. *Id.*, ECF No. 13.

On remand, the Appeals Council vacated ALJ Timm's denial of benefits and remanded to the ALJ with orders to offer Plaintiff a new hearing, consider new and material evidence, obtain the testimony of a vocational expert and further consider the Plaintiff's maximum residual functional capacity during the entire period at issue, and provide a rationale in support of assessed limitations with specific references to evidence of record. Civ. A. No. 18-5018, ECF No. 11, p. 1. ALJ Timm held two hearings on January 26, 2018 and on April 4, 2018. (Tr. 876-920.) The Plaintiff, represented by counsel, testified at both hearings through a Spanish language interpreter, and VE Gary Young also testified at the April 2018 hearing. (Tr. 876-920.) ALJ Timm issued an unfavorable decision on August 30, 2018, denying benefits at Step Five of the sequential evaluation process because he opined that Plaintiff could perform other work at the sedentary level. (Tr. 848-65.)

Plaintiff again initiated a civil action in this Court on November 19, 2018. (ECF No. 2.) The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* ECF No. 3, ¶ 2 (Notice of Commissioner's General Consent); ECF No. 8 (Plaintiff's Consent Form). In both her request for review and her reply brief, Plaintiff raised four claims, one which was premised on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided her case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. (ECF No. 13 at 13-18; No. 17 at 3-5.) In

response, the Commissioner argued that Plaintiff had forfeited this claim by not challenging the ALJ's appointment in the agency proceeding. (ECF No. 14, pp. 11-18.)

On January 23, 2020, while this case was still pending before this Court, the Third Circuit issued its decision in *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020). In *Cirko*, the Third Circuit held that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency. *Id.* at 152. The Third Circuit further remanded the case for a new hearing before a properly appointed ALJ other than the ALJ who previously decided Plaintiff's case. *Id.* at 159.

On January 28, 2020, consistent with *Cirko*, this Court remanded the case to the Commissioner for assignment to a different, constitutionally appointed ALJ to hold a new hearing and issue a decision. (ECF Nos. 19-21.) Following that remand, Plaintiff filed a Motion for Attorneys' Fees under the EAJA. *See* 28 U.S.C. § 2412. (ECF No. 22.)

## II.   <u>LEGAL STANDARD</u>

Congress enacted the EAJA "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (internal quotations omitted). Pursuant to the EAJA:

> ... a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The burden of demonstrating such substantial justification rests on the government. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

The Supreme Court defines "substantially justified" as "justified in substance or in the main" which is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To demonstrate that his position could satisfy a reasonable person, the Commissioner must establish "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d

670, 684 (3d Cir. 1998). "[A] court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Id.* at 685. Rather, when deciding whether the Commissioner is substantially justified, this Court must determine whether the government's position – taken at the administrative level and during litigation – has a reasonable basis in both fact and law. *See id.* at 684.

## III.   DISCUSSION

The parties do not contest that Plaintiff is the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that the party is a prevailing one if the court remanded the case pursuant to 42 U.S.C. § 405(g), fourth sentence). Accordingly, this Court will consider the Commissioner's pre-litigation position at the administrative level and litigation position before this Court to determine if Plaintiff is entitled to EAJA attorneys' fees.

### A.   The Commissioner's Pre-Litigation Position was Substantially Justified

The Commissioner contends his position at the administrative level was substantially justified because: (1) Plaintiff never raised an objection to the appointment of the ALJ during the administrative proceedings; and (2) the Commissioner was not required to raise an Appointments Clause issue *sua sponte*. (ECF No. 23 at 3-7.) In support of this argument, the Commissioner maintains that, "[a]n administrative agency's action or inaction is reasonable if it does not offend 'settled law.'" *Id.* at 4 (citing *Vacchio v. Ashcroft*, 404 F.3d 663, 675 (2d Cir. 2005)). "No settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue that was not raised by the claimant." *Id.* at 5.

This Court first looks to the timeline of events, and the Commissioner's position throughout the administrative proceedings, to address this dispute. On January 26, 2018 and April 4, 2018, the ALJ held hearings. On June 21, 2018, the Supreme Court issued its decision in *Lucia*, finding that ALJs of the Securities and Exchange Commission ("SEC") are inferior officers who must be appointed pursuant to the Appointments Clause. 138 S. Ct. 2044, 2055 (2018). In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018. On August 30, 2018, the ALJ issued an unfavorable decision denying benefits. Plaintiff did not raise an Appointments Clause challenge during the administrative proceeding.

4

As noted by the Honorable Linda K. Caracappa (Ret.), "[f]ollowing *Lucia*, the Commissioner conceded that SSA ALJ's were not constitutionally appointed" and reappointed the Agency's administrative judges. *Brink v. Saul*, No. CV 19-2350, 2020 WL 4674116, at *3 (E.D. Pa. Aug. 12, 2020). Thus, the issue at bar was not the constitutionality of the ALJ's appointment, but rather, the exhaustion requirement of an Appointment Clause challenge. *Id.*

Where "the case turns on an unsettled or 'close question of law,' ... the government usually will be able to establish that its legal theory was 'reasonable,' even if it was not ultimately accepted as legal by the courts." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (quoting *Dougherty*, 711 F.2d at 563). This Court finds that, at the pre-litigation administrative level, the question of whether a claimant must exhaust his or her Appointments Clause challenge before obtaining judicial review remained unsettled law. As explained in the January 29, 2020 Memorandum Opinion granting Plaintiff's request for review, *Lucia* specifically concerned the appointment of SEC ALJs. The Supreme Court explained that a plaintiff is entitled to relief if they make a "timely challenge" to "the constitutional validity of the appointment of an officer who adjudicates his case". *Lucia*, 138 S. Ct. at 2055. While *Lucia* found that the plaintiff had made a timely challenge by raising the Appointments Clause issue before the SEC, it did not define what qualifies as a "timely challenge." *Id.*

Until the Third Circuit issued its decision in *Cirko*, holding that claimants for Social Security disability benefits could make Appointments Clause challenges "in federal court without having exhausted those claims before the agency," the law regarding what constitutes a timely challenge in the Social Security context was not settled in this district. 948 F.3d at 152. "The majority of district courts throughout the country found that a plaintiff was required to exhaust the issue, while our own district was split in the decision on the issue." *Brink*, 2020 WL 4674116, at *4. Although Plaintiff argues that the Commissioner's pre-litigation position was unconstitutional because the ALJ was not properly appointed, this misconstrues the issue at hand. The Commissioner conceded that the Agency's ALJs were unconstitutionally appointed following *Lucia*. The pertinent question is whether there existed an exhaustion requirement for Plaintiff's Appointments Clause claim.

Plaintiff did not raise her Appointments Clause challenge at the administrative level, and the Commissioner did not raise it on behalf of Plaintiff. Plaintiff has not cited any authority, and

this Court has found none, to support the position that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue. Thus, because the law on exhaustion of an Appointments Clause challenge was neither clear nor settled during the administrative proceedings, the Commissioner's pre-litigation position was substantially justified. *See Washington*, 756 F.2d at 961.

   **B.      The Commissioner's Litigation Position was Substantially Justified**

   The Commissioner also argues that his litigation position arguing forfeiture of the Appointments Clause challenge was substantially justified. This Court turns to the three-part test articulated in *Morgan* to determine whether the Commissioner has met his burden of demonstrating that his position was substantially justified.

   First, regarding the facts alleged, it is undisputed that Plaintiff failed to raise her Appointments Clause challenge during the administrative proceedings. Thus, the Commissioner has a reasonable factual basis for alleging forfeiture. *Morgan*, 142 F.3d at 684.

   Second, I find that the Commissioner had a reasonable basis in law for the theory it propounded. The Commissioner contends that, although the Third Circuit in *Cirko* disagreed with its position and found that exhaustion is not required for Social Security claimants raising an Appointments Clause challenge, "this was a close question of unsettled law." In support of this argument, the Commissioner maintains that, at the time she raised the forfeiture argument, prior to the Third Circuit's decision in *Cirko*, "34 out of the 35 district courts ... including the Eastern District of Pennsylvania, had rejected attacks on the validity of an SSA ALJ's appointment where the claimant failed to make the constitutional challenge at the administrative level." *Id.* She adds that "[a]s of this filing, the vast majority of district courts outside of the Third Circuit have agreed with the Commissioner's position." *Id.* (citing *Dewbre v. Comm'r of Soc. Sec.*, 2019 WL 4344288, at *6 (N.D. Iowa Sept. 12, 2019) (collecting cases from 23 districts)).

   This Court finds the Commissioner's argument persuasive. At the time the Commissioner filed his response to Plaintiff's request for review, there was no Supreme Court or Third Circuit authority on the issue of whether Appointments Clause arguments were subject to an administrative exhaustion requirement in the Social Security context. Within the Third Circuit

and the Eastern District of Pennsylvania, there existed a split on this issue.[2] Many courts agreed with Commissioner's litigation position of requiring administrative exhaustion. *See, e.g. Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 471 (E.D. Pa. 2019) (holding that plaintiff forfeited his Appointments Clause claim due to failure to exhaust); *Marchant ex rel. A.A.H. v. Berryhill*, No. CV 18-0345, 2019 WL 2268982, at *8 (E.D. Pa. May 28, 2019) ("holding that plaintiff failed to raise a timely Appointments Clause challenge"); *Sprouse v. Berryhill*, 363 F. Supp. 3d 543 (D.N.J. 2019) (finding specifically that Appointments Clause challenges must be raised before the ALJ); *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018) (finding Appointments Clause challenge waived). During this same time, a number of cases were remanded, finding no exhaustion requirement at the administrative level. *See, e.g. Kellett v. Berryhill*, No. CV 18-4757, 2019 WL 2339968, at *8 (E.D. Pa. June 3, 2019) (finding the claimant was not required to raise his Appointments Clause claim before the ALJ or Appeals Council); *Ready v. Berryhill*, No. 18-04289, 2019 WL 1934874, at *3 (E.D. Pa. Apr. 30, 2019) (same); *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 573-74 (E.D. Pa. 2019) (same); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418, 424-25 (M.D. Pa. Mar. 4, 2019) (same).

The Commissioner can take a substantially justified position even where he does not prevail on the merits. *Morgan*, 142 F.3d at 684. Although the Third Circuit in *Cirko* rejected the Commissioner's position, it does not establish that the Commissioner's position was not substantially justified. *See Cortese v. Comm'r of Soc. Sec.*, No. 18-3437, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the [EAJA]."). Given the broad support within the Third Circuit for the

---

[2] Following *Cirko*, there was also a Circuit split regarding the exhaustion requirement for Social Security claimants raising Appointments Clause challenges for the first time in federal court. The U.S. Courts of Appeals for the Eighth and Tenth Circuits adopted the Commissioner's forfeiture argument. *See Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020); *Carr v. Comm'r, SSA*, 961 F.3d 1267, 1268 (10th Cir. 2020). The Third, Fourth, and Sixth Circuits all held the opposite, finding that claimants may challenge the constitutionality of an SSA ALJ's appointment for the first time in federal court. *See Cirko*, 948 F.3d 148; *Probst v. Saul*, 980 F.3d 1015 (4th Cir. 2020); *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537 (6th Cir. 2020).

On April 22, 2021, the Supreme Court resolved this split, finding in accordance with the Third, Fourth, and Sixth Circuits that: (1) it was inappropriate to judicially impose an issue-exhaustion requirement on claimants' challenges to the appointments of administrative law judges who heard their benefits claims; and (2) the claimants' Appointments Clause challenges were timely raised for the first time on review of the administrative decision in federal court. *Carr v. Saul*, 141 S. Ct. 1352, 1358-62 (2021).

Commissioner's position, I find that the Commissioner had a reasonable basis in law for advancing the argument that Plaintiff must exhaust her Appointments Clause challenge at the administrative level.[3]

Analyzing the third and final prong articulated in *Morgan*, I find that the Commissioner has established a reasonable connection between the facts alleged and the legal theory advanced. 142 F.3d at 684. Plaintiff did not raise the Appointments Clause challenge at the administrative level. Because of this, there was a reasonable connection between that alleged fact and the Commissioner's exhaustion defense.

This Court further notes that the majority of judges in the Eastern District of Pennsylvania agree with the finding that the Commissioner's litigation position was substantially justified. *See Flynn v. Saul*, No. CV 19-0058, 2021 WL 2577146, at *5 (E.D. Pa. June 22, 2021) (citing *Sanders v. Saul*, No. CV 18-3325, 2021 WL 1122627, at *4 (E.D. Pa. Mar. 24, 2021) (denying attorney's fees under the EAJA because the Commissioner's position was substantially justified); *McNeish v. Saul*, No. CV 18-582, 2020 WL 4060322, at *6 (E.D. Pa. July 20, 2020) (same); *Wojciechowski v. Saul*, Civ. A. No. 18-3843, 2020 WL 3542248 (E.D. Pa. June 30, 2020) (same); *Brito v. Saul*, Civ. A. No. 19-2160, 2020 WL 3498099 (E.D. Pa. June 29, 2020) (same); *Lebron-Torres v. Comm'r of Soc. Sec. Admin.*, Civ. A. No. 18-1212, 2020 WL 3488424 (E.D. Pa. June 26, 2020) (same), *Marant v. Saul*, No. CV 18-4832, 2020 WL 3402416, at *6 (E.D. Pa. June 19, 2020) (same), *Hill v. Saul*, Civ. A. No. 18-5564, 2020 WL 3250484 (E.D. Pa. June 16, 2020) (same), *Diaz v. Saul*, Civ. A. No. 18-5075, 2020 WL 3127941 (E.D. Pa. June 12, 2020) (same); *Cortese*, 2020 WL 2745741, at *1 (same); and *Holmes v. Berryhill*, No. CV 19-784, 2020 WL 2126787, at *3 (E.D. Pa. May 4, 2020) (same)).

## IV.    CONCLUSION

Although Plaintiff was the prevailing party, the Commissioner's pre-litigation and litigation positions were substantially justified. Therefore, in accordance with the decisions of the majority of other judges in this District, Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (ECF No. 22) is denied. An appropriate order follows.

---

[3] Plaintiff also argues that the Commissioner's position is not substantially justified on "errors made in the ALJ's Decision" on the merits. Because the Court remanded Plaintiff's case without deciding the underlying merits of the ALJ's decision, the Court will not consider this argument. *See Holmes*, 2020 WL 2126787, at *3 n.1.